# LANE v. LANE.*

CONTEMPT; ALIMONY.

1. The supreme court of the District of Columbia has power to compel obedience to an order awarding alimony by committing the party to jail if he refuses to obey. (Following *Tolman* v. *Leonard*, 6 App. D. C. 224.)

2. A defendant's answer to an order to show cause why he should not be adjudged in contempt for refusing to obey an order to pay $25 a month alimony, alleging in vague and general terms his inability to make the payments, is insufficient, where it appears that defendant is in receipt of a salary of $100 per month.

3. On an appeal from an order adjudging the appellant in contempt for failing to obey an order, consented to by him, directing him to pay alimony, an assignment of errors attacking the sufficiency of the petition for divorce will not be considered.

No. 1614.    Submitted February 15, 1906.    Decided March 6, 1906.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia adjudging him in contempt for refusing to obey an order for the payment of alimony.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is taken from an order entered in the court below on August 15, 1905, adjudging the defendant-appellant,

*\*Alimony—Contempt Proceedings.*—The authorities dealing with the various questions arising in contempt proceedings to compel payment of alimony, including the question of excuses for nonpayment and inability to pay, are presented and discussed in an editorial note to *Staples* v. *Staples*, 24 L. R. A. 433.

John Henry Lane, in contempt of court for his refusal to obey an order requiring him to pay complainant-appellee, Emma Eudora Lane, $25 per month as alimony until otherwise ordered.

It appears that after the cause was at issue the complainant made her motion for alimony, based upon the petition, answer thereto, and upon affidavits showing that the defendant was in receipt of a salary of $100 per month. The order was entered by consent. No application to vacate or to modify the order has ever been made. After making two payments, the defendant refused and neglected to make further monthly payments. Thereupon a petition was filed, setting forth the fact of nonpayment, the necessities of the complainant, and the ability of the defendant to respond. An order to show cause why the defendant should not be adjudged in contempt for his refusal to obey the order of the court was then granted. The defendant made return to the order to show cause, not denying his failure to comply with the order requiring him to pay alimony, but averring in general terms his inability to make the payments. After the hearing the court made the order requiring the payment of the arrears of alimony, amounting to $75, within five days, and, in default of compliance, that defendant be placed in the custody of the marshal and held until the further order of the court, or until the said sum was paid. This is the order appealed from.

*Mr. T. J. Mackey* for the appellant.

*Mr. John E. McNally* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

That the supreme court of the District of Columbia has power to compel obedience to an order awarding alimony by committing the party to jail if he refuses to obey it has been settled by this court. *Tolman* v. *Leonard,* 6 App. D. C. 224.

The appellant was in contempt of court in refusing and failing to pay the alimony in accordance with the order of the

court.  His answer to the order to show cause why he should not be adjudged in contempt was wholly insufficient.  He did not deny that he was in receipt of a monthly salary of $100, and his vague and general statements that he was unable to make the payments evidently did not impress the court below, nor have they convinced us.  The money which he has expended upon this frivolous appeal would have enabled him to comply with the order of the court below.  Appellant in his assignment of errors attacks the sufficiency of the allegations of the petition for the divorce.  It is sufficient to say that an answer was filed to the petition, that the order for alimony was consented to, and that the taking of proofs before the examiner had been commenced.  The merits of the case are not before us, and, of course, will not be considered at this time.

The order appealed from was properly granted, and it is therefore affirmed, with costs.                              *Affirmed.*